UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES F. KIERPIEC,

        Plaintiff,                                  Case No. 2:07-cv-170

v.                                                       Honorable R. Allan Edgar

ALLEN B. DUNNING,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a federal claim.

**Discussion**

    I.        Factual allegations

Plaintiff is presently incarcerated at the Standish Maximum Correctional Facility, but complains of events that occurred while he was housed at the Kincross Correctional Facility. On December 3, 2006, Plaintiff was taken to the off-site War Memorial Hospital for emergency surgery due to a perforated bowel and stomach ulcer. An emergency room physician, Dr. Allen B. Dunning, performed the surgery. Plaintiff remained in the hospital until December 11, 2006. Before his release, Plaintiff complained of a body rash and a swollen right testicle. Dr. Dunning attributed the conditions to Plaintiff's catheter and prescribed antibiotics, which did not resolve the problem with Plaintiff's testicle. Plaintiff was seen by Dr. Dunning for a post-surgery examination on January 25, 2007, at which time Plaintiff again complained about his swollen right testicle. Dr. Dunning informed Plaintiff that the examination was solely to check on the stomach surgery, and did not order any additional medication or refer Plaintiff to a specialist. On February 16, 2007, Plaintiff was referred to a urologist by the prison health services. The urologist discovered a large growth, and removed Plaintiff's testicle on February 19, 2007. Soon after he was released from the hospital, Plaintiff was taken to War Memorial Hospital for a second emergency surgery on his stomach, performed by Dr. Dunning. Dr. Dunning removed a large growth, and advised Plaintiff that he had not seen the growth during the earlier surgery.

Plaintiff brings this suit against Dr. Dunning. For relief, he seeks two million dollars in compensatory and punitive damages and an investigation by the Bureau of Health Services Licensing Board.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, the claim must fail. *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir.2001).

Title 42, §1983 establishes liability for the deprivation of federal rights by persons acting under the color of state law. In order for a private person's conduct to be under color of state law, the conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which Dr. Dunning could be fairly considered to have been acting under color of state law. Accordingly, he fails to state a § 1983 claim against Dr. Dunning.

Even assuming for purposes of this review that Dr. Dunning was acting under color of state law, Plaintiff has not stated a claim cognizable under § 1983. Plaintiff has asserted a claim based upon Dr. Dunning's failure to properly treat Plaintiff's right testicle and failure to discover the growth in Plaintiff's stomach during the first emergency surgery.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* Plaintiff's allegations satisfy this component. The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835. Thus, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is

- 4 -

over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* Plaintiff has asserted a claim of medical malpractice against Dr. Dunning. A claim of medical malpractice arises solely under state tort law, and § 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Assuming the truth of Plaintiff's allegations that Dr. Dunning acted negligently, Plaintiff's remedy is in the state courts. Accordingly, I recommend that Plaintiff's complaint be dismissed.

## **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a federal claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated: October 9, 2007

- 6 -

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).